**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DAVID REMSBERG,**

    Plaintiff,

**v.**                                  **CIVIL ACTION NO. 3:12-CV-41
(JUDGE GROH)**

**DOCUPAK, a foreign corporation,**

    Defendant.

### PRETRIAL CONFERENCE ORDER

On March 1, 2013, the Court conducted a final pretrial conference in this matter. Plaintiff appeared by counsel, David M. Hammer and Robert J. Schiavoni. Defendant appeared by counsel, A. Neal Barkus and Keisha N. Jackson.

**1.    Plaintiff's Objection to Defendant's Proposed Voir Dire**

Plaintiff objected to Defendant's Voir Dire Question No. 27. However, Defendant **WITHDREW** the question.

**2.    Defendant's Objections to Plaintiff's Proposed Voir Dire**

Defendant filed multiple objections to Plaintiff's Proposed Voir Dire. In regards to Defendant's Objections to Plaintiff's Proposed Voir Dire, the following rulings were made:

(A) Plaintiff's Question No. 4 was **MODIFIED** to include 167th in order to designate the Air National Guard "base";

(B) The Court **OVERRULED** Defendant's objection to Plaintiff's Question Nos. 6 and 8;

(C) The Court **GRANTED** Defendant's objection to Plaintiff's Question No. 5;

(D) Plaintiff **WITHDREW** Question No. 18 and Question. 21 in light of the modification to Defendant's Question No. 6. Defendant's Question No. 6 was **MODIFIED** to read: "Have any of you or any member of your family been self-employed or an independent contractor?";

(E) Plaintiff's Question No. 7 was **MODIFIED** to read: "Do any of you have any strong feelings for or against the Air National Guard in Martinsburg or its personnel?";

(F) Plaintiff's Question No. 25 was **MODIFIED** to read: "Has anyone ever had an issue with regard to not being paid for the work they perform?";

(G) Parties **AGREED** that any follow up questions to Plaintiff's Question No. 28 will be conducted at side bar.

**3.  Plaintiff's Motions *in Limine***

The Court **GRANTED** Plaintiff's first and second motions *in limine*. The Court **DENIED** Plaintiff's third, fourth, and fifth motions *in limine*.

Plaintiff made an oral motion *in limine* to exclude the expert testimony of one of Defendant's witnesses. The Court **ORDERED** Plaintiff to file a written motion by March 22, 2013. Defendant has fourteen days to respond to Plaintiff's motion once it is filed.

**4.  Defendant's Motions *in Limine***

The Court **GRANTED** Defendant's first and second motions *in limine*. The Court **RESERVED RULING** on Defendant's third motion *in limine*. The Court **DENIED** Defendant's fourth motion *in limine* as premature speculation and granted Plaintiff leave to raise the issue at a later time.

**4.     Defendant's Objections to Plaintiff's Rule 26(a)(3) Disclosures**

The Court **RESERVED RULING** on Defendant's first objection regarding Plaintiff's witnesses numbered 15-40 on Plaintiff's 26(a)(3) disclosures.

In addressing Defendant's second objection to Plaintiff's 26(a)(3) disclosures regarding witnesses 3-7 and 9-14, the parties agreed that the witnesses would only be called in rebuttal.

The Court **GRANTED** Defendant's third objection to Plaintiff's 26(a)(3) disclosures listing Defendant's counsel, Mr. Neal Barkus, as a potential witness.

The Court **RESERVED RULING** on Defendant's fourth objection unless and until the witness, Sergeant Jeremy Miller, becomes unavailable.

Defendant **WITHDREW** his objection in regards to Plaintiff's Exhibit 2.

The Court **RESERVED RULING** on Defendant's objection to Plaintiff's Exhibit 3.

The Court **GRANTED** Defendant's objection to Plaintiff's Exhibit 5, but also granted Plaintiff leave to raise the issue again at trial if Defendant opens the door.

The Court **DENIED AS MOOT** Defendant's objection to Plaintiff's Exhibit 6 in light of the Court's ruling on Defendant's first motion *in limine*.

The Court **GRANTED** Defendant's objection to Plaintiff's Exhibit 7 as the witness, Master Sergeant Jeremy Miller, is testifying live at trial.

The Court **GRANTED** Defendant's objection to Plaintiff's Exhibit 8 in light of the Court's ruling on the Defendant's first motion *in limine*.

Also, the Court **ORDERED** the parties to work out the issue regarding the use of David Stewart's deposition testimony, whether it would be introduced in its entirety or in

sections.

Defendant **WITHDREW** exhibits 53 and 56 on its exhibit list. Plaintiff sought leave to amend his exhibit list to include letters from L. Jansen. Defendant did not object as the exhibits were already included in Defendant's exhibit list. Accordingly, the Court **GRANTED** Plaintiff's motion to amend his exhibit list.

Any objections with regard to proposed jury instructions and/or verdict sheets will be considered after the close of evidence.

Last, in light of the conflicting criminal trial, the Court **CONTINUED** the trial to **July 30, 2013 at 9:00 a.m. in the Martinsburg District Judge Courtroom**.

There being no further business, the Court **ADJOURNED** until Trial.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** March 1, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE